IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FRANCISCO JAVIER CARDENAS-SOTO  §
§
Petitioner,  §
§
VS.  §          NO. 3-12-CV-0615-G-BD
§
MAUREEN CRUZ, Warden  §
FCI Seagoville  §
§
Respondent.  §

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Francisco Javier Cardenas-Soto, appearing *pro se*, has filed an application for writ

of habeas corpus pursuant to 28 U.S.C. § 2241.  For the reasons stated herein, the application should

be summarily dismissed.

Petitioner is incarcerated in the Federal Detention Center at Seagoville, Texas, awaiting trial

on federal drug charges in *United States v. Cardenas-Soto*, No. 3-98-CR-333-O(03).[1]  Following his

arrest on October 27, 2011, petitioner, who is not a United States citizen, waived his right to a

detention hearing, but reserved the right to ask for a hearing if he was able to obtain a bond from

immigration officials while his criminal case is pending.  On February 29, 2012, petitioner filed the

instant action alleging violations of the Speedy Trial Act and complaining that he has not received

a copy of the indictment from his attorney.

Because petitioner's criminal case is still pending, he should be required to present his claims

to the presiding judge in that case.  "To allow [a] petitioner to bring . . . claims before another judge

---

[1] Petitioner's trial is scheduled to begin on March 26, 2012.

in a collateral proceeding would not only waste judicial resources, but would encourage judge shopping." *Avila-Sifuentes v. United States District Court*, No. EP-10-CV-33-KC, 2010 WL 456923 at *1 (W.D. Tex. Feb. 2, 2010), *quoting Chandler v. Pratt*, 96 Fed.Appx. 661, 662, 2004 WL 1080214 (10th Cir. May 14, 2004) (summarily dismissing section 2241 habeas petition challenging pretrial detention); *see also Wilks v. United States*, No. 3-05-CV-1115, 2006 WL 1793233 at *2 (M.D. Pa. Jun. 27, 2006) (noting that section 2241 habeas petition is not the proper method for raising a Speedy Trial Act claim).  Petitioner is not entitled to habeas relief.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be summarily dismissed.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  March 5, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE